WALTER UNDERWOOD v. THE STATE.

No. 6835. Decided April 26, 1922.

1.—Assault to Murder—Evidence—Clothes—Bill of Exceptions.

Where, upon trial of assault to murder, and a conviction of aggravated assault there was no dispute of the fact that defendant, using a shotgun, shot at the prosecuting witness and his companion as they rode away from where he was, there was no error in permitting the State to introduce the hat and coat worn by the prosecuting witness as the time of the alleged assault, there being nothing in the bill of exceptions why the same should not have been introduced in evidence. •

2.—Same—Evidence—General Reputation—Opinion of Witness.

Where, upon trial of assault to murder and a conviction of aggravated assault, the defendant's general reputation was an issue, there was no error in admitting in evidence testimony that the witness was acquainted with the defendant while he had lived in the community and knew his general reputation therein as to peace, etc., and that it was bad, the witness being the judge but testifying to other persons' opinions.

3.—Same—General Reputation—Rule Stated—Opinion of Witness.

Where the witness testified that he knew the general reputation of defendant in the community in which he lived for peace and law, and that this was his personal belief, based on the opinion of witnesses who had expressed that it was bad, the same was admissible, as the witness was not expressing his personal opinion, but rather his personal belief from conclusions he had heard expressed by other persons.

4.—Same—Self-defense—Charge of Court—Practice in Trial Court.

Where there was little evidence as to self-defense, but the court nevertheless submitted a charge on self-defense, which is commendable, there is no reversible error.

5.—Same—Serious Character of Wounds—Aggravated Assault.

Where, upon trial of assault to murder, and a conviction of aggravated assault, the evidence established the serious character of the wound inflicted upon the prosecuting witness, etc., the conviction is sustained.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of aggravated assault; penalty, a fine of $500, and six-months in jail.

The opinion states the case.

*Nugent & Harris*, for appellant.—On question of bloody clothes, Grace v. State, 225 S. W. Rep., 751; Cole v. State, 45 Texas Crim. Rep., 225; Crenshaw v. State, 48 id., 80.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was tried in the District Court of Eastland County for assault to murder and convicted of an aggravated assault, with punishment fixed at a fine of $500 and six months in the county jail.

There seems no dispute in the record of the fact that appellant, using a shotgun, shot at the prosecuting witness Walton and two companions as they rode away from where appellant was. The gun was 16-gauge and appears to have been loaded with No. 6 shot, and it was contended for the defense that there was a doubt in the mind of appellant as to whether the gun would carry to the point where prosecuting witness was at the time same was fired. The trial court submitted assault to murder in his charge, and also aggravated assault, and gave to the jury a definition of simple assault, and told them what the punishment was for the latter offense. The ground of aggravation submitted in the charge was that of an assault with a deadly weapon, and in his definition of the term deadly weapon, the court stated to the jury that it was such weapon as in the manner used was likely to inflict death or serious bodily injury.

The State introduced the hat and coat worn by Walton at the time of the alleged assault. This was objected to on the ground that appellant did not deny shooting at Walton, but claimed same to be in self-defense; and also upon the ground that the distance between the parties at the time rendered it impossible to inflict serious injury on Walton; and also for the further reason that it was immaterial and inflammatory. We cannot say that the introduction of said articles could serve no purpose save that of inflaming the minds of the jury. For aught we learn from the bill of exceptions complaining of this matter, the coat and hat may have both reflected the number of shot entering and passing through each, and by the extent of their bloody surface may have also supported the State's proposition that the gun was a deadly weapon. The amount of blood on said coat and hat and the condition of each would certainly seem to have some bearing as refuting appellant's contention that he was too far away to inflict injury upon said Walton. The bill of exceptions contains no such showing as would enable us to perceive any injury or likelihood thereof of which complaint could be made.

Objection was also made to the testimony of Tom Jones who gave evidence as follows:

"I am acquainted with Walter Underwood, the defendant in this case and have known him ever since he had lived in the Chaney community. I think I know his general reputation in that community as being a peaceable law-abiding or violent and dangerous man, and I think it is bad, myself me being the judge. I am testifying to other persons' opinions."

A motion to exclude was also made by the defense. We think the testimony admissible. Every man who swears to the good or bad reputation of another, must of necessity give his own judgment of the matter. This judgment or conclusion must be based upon other people's opinions or expressions. The matter complained of in this bill of exceptions appears to us to be a statement of the attitude of this witness toward a conclusion based on the statement of other people.

What we have just said also expresses our view of the appellant's complaint in his remaining bill of exceptions, that is, that the witness Myrick, after testifying upon direct examination that he knew the general reputation of appellant in the community in which he lived for being that of a peaceable, law-abiding man, said that this was his personal belief. Upon re-direct examination the witness said that all of the opinions he had heard expressed of appellant "were bad." We infer from the contents of the bill that the witness was not expressing his personal opinion or belief about appellant, but rather his personal belief and conclusion about appellant's reputation, and it is evident that he had heard expressions regarding appellant from other persons.

The trial court is to be commended for the submission of the issue of self-defense, out of the abundance of caution, though there appears little evidence in the record supporting this theory. The prosecuting witness and his companions had gone on horseback to a point in the road directly in front of appellant's home and there engaged him in a wordy altercation about the payment of some money. At some point in said discussion appellant went into the house for his gun, and when he returned the other parties were riding off down the road. He raised his gun and fired it at them. Apparently his only excuse or attempted justification was that he thought they would come back by his home at a later time and do him harm.

The evidence seems to clearly establish the serious character of the wounds inflicted upon Walton. A physician of experience testified that he extracted from the body and back of the head of said prosecuting witness, from twenty-five to forty shot, and that a number of the shot went so deep that he did not try to get same out. He testified that the wounds inflicted were serious. There would seem little question of the fact that if the wounds inflicted by a gun which was ir-

91 Tex.—35

tentionally aimed at the prosecuting witness, or at him and his companions, were serious, this would measure up to the definition given by the court of a deadly weapon; from which it would follow that a conviction of aggravated assault was called for by the evidence.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*